

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TIMOTHY BARNARD,**

    Plaintiff,

v.                                                   Civil Action No. **3:07CV566**

**PIEDMONT REGIONAL JAIL AUTHORITY,** *et al.*,

    Defendants.

### MEMORANDUM OPINION

On September 3, 2009, the Court entered an order accepting the Report and Recommendations of the Magistrate Judge, finding Defendants liable to Plaintiff, and awarding damages.[1] The Court also ordered counsel for Plaintiff to submit a motion for an award of attorney's fees. On September 14, 2009, the Court received the motion for fees. On October 19, 2009, the Court received Defendant Jackson's response. This matter is ripe for judgment.

Reasonable attorney's fees are authorized pursuant to 42 U.S.C. § 1988 to prevailing parties in § 1983 suits. 42 U.S.C. § 1988(b). To acquire prevailing party status, a plaintiff must achieve

> . . . at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought . . . . In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

---

[1] The Court awarded $250.00 in compensatory damages each from Defendants Johnson, Jackson, Davis, and Whitehead. The Court also awarded punitive damages in the amount of $3,000.00 against Johnson, $1,500.00 against Jackson, and $1,000.00 each against Davis and Whitehead.

*Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). Plaintiff is a prevailing party under this standard, and therefore eligible for an award of attorney's fees.

In lawsuits filed by prisoners, federal courts may not award attorney's fees unless:

> (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
> (B) (i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
> (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

42 U.S.C. § 1997e(d)(1). Federal law also imposes a limit on the rate used to calculate the fee award. The maximum hourly rate may not be "greater than 150 percent of the hourly rate established . . . for payment of court-appointed counsel [in criminal cases]."[2] 42 U.S.C. § 1997e(d)(3). The exact award of fees depends on twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*E.E.O.C. v. Serv. News Co.*, 898 F.2d 958, 965 (4th Cir. 1990) (*quoting Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)).

---

[2] The applicable rates are available online at http://www.vaed.uscourts.gov/cja.

2

Federal law also imposes two further requirements on the total award of attorney's fees in prisoner suits resulting in a monetary award:

> Whenever a monetary judgment is awarded ... a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

42 U.S.C. § 1997e(d)(2). This provision "effectively caps a defendant's liability for attorney's fees in a prisoner's action at 150% of a money judgment." *Torres v. Walker*, 356 F.3d 238, 242 (2d Cir. 2004); *see also Folk v. Charrier*, 262 F.3d 687, 704 (8th Cir. 2001) (holding that attorney was entitled to fees of $1.50 where prisoner plaintiff recovered $1.00 in damages); *Boivin v. Black*, 225 F.3d 36, 46 (1st Cir. 2000) (denying constitutional challenge to cap on total fees when money damages are awarded). The Court must apply some portion of a prisoner's recovery to any attorneys fees award, but no specific amount is required. *Parker v. Conway*, --- F.3d ----, 2009 WL 2962733, at *5 (3d Cir. 2009) (*citing Boesing v. Hunter*, 540 F.3d 886, 892 (8th Cir. 2008)).

Counsel has submitted records and an affidavit demonstrating the expenditure of 156.1 hours on this case. The Court disagrees with counsel as to what base compensation rate[3] and

---

[3] Counsel requests payment at a rate of $165 per hour, which is 150 percent of the current rate of $110 per hour for counsel appointed under the Criminal Justice Act ("CJA") in the Eastern District of Virginia. This rate, however, applies only to work performed after March 11, 2009. The earliest entry in counsel's records is August 3, 2006, at which time the payment rate for CJA attorneys was $92 per hour. The CJA rate rose from $92 to $94, $100, and finally $110 per hour over the course of counsel's representation. Rather than determining on counsel's behalf the total number of billable hours to which each rate applies, the Court would have used the $92 per hour figure as the baseline CJA rate for all work done in this case.

3

multiplier[4] would be proper in calculating the total award. Nevertheless, the maximum award in this case is $11,250, or 150 percent of the $7,500 total recovery. Attorney's fees in excess of this amount would be reasonable, but are beyond the Court's power to grant.

As requested by Defendant Jackson, the fee award shall be apportioned according to the relative culpability of each Defendant, as determined by the appropriate punitive damages award. *See, e.g., Herbst v. Ryan*, 90 F.3d 1300, 1305 (7th Cir. 1996) (explaining that fee awards under 42 U.S.C. § 1988 may in appropriate cases be apportioned "between an active instigator of a wrong and a more passive codefendant who had a more peripheral or ministerial role in the wrong"). Thus, Defendant Johnson shall be responsible for forty-six percent (46%) of the fee award; Defendant Jackson, twenty-three percent (23%); and Defendants Davis and Whitehead, fifteen percent (15%) each. The remaining 1% of the fee award shall be paid by Plaintiff. Counsel shall be entitled to the first $112.50 of any recovery of damages by Plaintiff in this action.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Richard L. Williams
United States District Judge

Date: OCT 2 1 2009
Richmond, Virginia

---

[4] Counsel's experience and reputation factor in favor of an increased rate, as do his ultimate success in the suit, his opportunity costs, the undesirability of prisoner litigation in general, and the lack of an ongoing relationship with Plaintiff. Weighing against an increased rate are relatively simple legal issues raised in an assault at the hands of a prison guard and in difficulties in finding and serving Defendants, the level of skill necessary to present such a claim, the fact that such litigation is usually undertaken *pro se*, and the low monetary recovery. While the Court appreciates counsel's expertise and dedication to public service, the Court believes that this relatively simple case would not warrant payment over that normally granted a CJA-appointed attorney.